**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MOUNTAIN DUDES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SPLIT ROCK HOLDINGS; SPLIT ROCK HOLDINGS, LLC; OLD SPI, INC.; SPLIT ROCK FINE HOMES; SPLIT ROCK FINE HOMES REAL ESTATE COMPANY; SPLIT ROCK AT ENTRADA REAL ESTATE COMPANY; LANDEA REALTY; SPLIT ROCK CONSTRUCTION; 4-B BUILDERS; SPLIT ROCK DEVELOPMENT; SPLIT ROCK DEVELOPMENT GROUP; SPLIT ROCK DESIGN; SPLIT ROCK INTERIOR; JOSEPH L. PLATT; KENT L. BYLUND; BARTLEY W. SMITH; REN G. BOYCE; WELDON LARSEN; PATRICK MANNING; JOSEPH L. PLATT AND SUSAN A. PLATT FAMILY PROTECTION LIMITED PARTNERSHIP; BYLUND FAMILY LIMITED PARTNERSHIP; BARTLEY SMITH FAMILY LIMITED PARTNERSHIP; THE REN BOYCE FAMILY LIMITED PARTNERSHIP; STONE PUMA, INC.; MOUNTAIN MEADOW FARMS, INC.; PATRICK MANNING LLC; and DOES 4 through 100 inclusive, <br><br> Defendants. | Case No. 2:13-cv-00510-CW-DBP <br><br> **MEMORANDUM DECISION** <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Dkt. 58.) Plaintiff brings this lawsuit to attempt to unwind certain transfers amongst the Defendants. (Dkt. 2.) Presently before the Court is Plaintiff's Motion to Terminate Deposition. (Dkt. 74.) Both parties

have requested oral argument, but the Court finds that oral argument is not justified and will not aid the Court in its decision. *See* D.U. Civ. R. 7-1(f).

## II. ANALYSIS

### a. Summary of arguments

Plaintiff argues that the deposition of its designee should be terminated because Defendants asked an irrelevant question during the deposition, which caused Plaintiff's counsel to terminate the deposition. (Dkt. 74.) Defendants inquired about Plaintiff's corporate designee's ownership interest in the law firm representing Plaintiff. Plaintiff argues that this question was so irrelevant that it "must be categorized as bad faith or harassment." (*Id.* at 4.)

Defendants argue that the question about Plaintiff's designee's financial interest in Plaintiff's law firm is relevant to the witness's "bias and financial interest in this litigation." (Dkt. 77 at 7.) Defendants point out that a witness's bias is always relevant.

### b. The deposition will not be terminated

A deponent may move to terminate a deposition on the grounds that the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Defendants' conduct at the deposition does not rise to the level of bad faith or otherwise satisfy the requirements of Rule 30(d)(3).

Defendants posed a question to Plaintiff's designee that bore directly and substantially on his potential personal bias. "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). "Moreover, the possible financial stake of a witness in a particular outcome of the case is a proper subject of cross-examination." *Wilson v. Attaway*, 757 F.2d 1227, 1243 (11th Cir. 1985)

(finding the trial court committed no error when it permitted defense counsel to examine plaintiff's attorneys about their attorney's fees).

Plaintiffs attorneys often receive compensation contingent on their success. It is reasonable to presume that Plaintiff's designee, as an owner of the law firm representing Plaintiff, stands to gain if Plaintiff is successful here. Thus, the question was "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff lacked any proper grounds for terminating the deposition. Moreover, its designee should have answered this question.

Additionally, Plaintiff asserts that the question is beyond the scope of the 30(b)(6) notice. This does nothing to aid Plaintiff's argument that the deposition should be terminated. Questions beyond the scope of a 30(b)(6) notice may be objectionable, but Plaintiff offers no justification for terminating a deposition based on a question that strays outside the notice. Indeed, such questions are ordinarily answered, though the answers might not bind the organization. *See* Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("[O]nce the organization has designated a witness to speak for it, the scope of the inquiry is governed only by the general scope of discovery, and not limited to the specific areas identified . . . [although,] testimony [regarding unnoticed topics] should not normally be considered to be offered on behalf of the corporation unless the witness is also an officer or managing agent of the firm.")

Finally, comments on Defendants' counsel's attire are inappropriate. Plaintiff is admonished not to include such matters in future filings.

    a. **Expenses**

The Court declines to award expenses to Defendants for this motion. Plaintiff's counsel suggested the parties call the Court at the deposition. While counsel for Defendants did not

outright refuse the suggestion, he was less than cooperative in contacting the Court. A simple telephone call could have resolved this issue in a much more expedient manner for all involved. Accordingly, an award of expenses would be unjust here. *See* Fed. R. Civ. P. 30(d)(3)(C).

### III.    ORDER

Based on the foregoing, Plaintiff's Motion to Terminate Deposition is **DENIED**. (Dkt. 74.)

IT IS SO ORDERED.

Dated this 7th day of August, 2015.               By the Court:

_____
Dustin B. Pead
United States Magistrate Judge