IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES, LLC<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SPLIT ROCK HOLDINGS, LLC et al.<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER RE PRELIMINARY JURY INSTRUCTION NO. 4-F**<br><br>Case No. 2:13-cv-510-CW<br><br>Judge Clark Waddoups |

　　　　This matter is before the court on a Motion to Amend Preliminary Jury Instruction No. 4-F filed by Plaintiff Mountain Dudes, LLC. Plaintiff argues for a broader definition of what constitutes successor liability than that presently articulated in Instruction No. 4-F. The court's present instruction states the following elements must be established to prove successor liability:

> First:　Split Rock, Inc. sold or transferred all of its assets to one or more of the defendants listed above;
>
> Second: There is a common identity of directors (or managers) and stockholders (or members) between Split Rock, Inc. and the defendant(s); and
>
> Third: There effectively was only one entity after the completion of the transfer.

Plaintiff asks that the third element be modified to state:

> Third:　The defendant was effectively the same as Split Rock, Inc. or a portion of Split Rock, Inc., after the completion of the transfer.

　　Plaintiff contends the modification is necessary to preclude a business from circumventing the law by dividing a company into two or more subsequent entities (as opposed to one entity), but

then still collectively functioning the same as the original company.  Under Plaintiff's articulation, if even one defendant performed a portion of what Split Rock, Inc. used to do, that defendant would be liable.

To support its proposition, Plaintiff largely relies upon a Michigan district court case that applied Michigan law and federal law.  Michigan law applies a more relaxed standard for successor liability than the majority of other states.  *Decius v. Action Collection Serv., Inc.*, 2004 UT App 484, ¶¶ 10, 13; 105 P.3d 956.  Michigan, at times, allows for basic continuity of key personnel and operations rather than the same continuation of ownership and control.  *See Tabor v. The Metal Ware Corp.*, 2007 UT 71, ¶¶ 9, 11; 168 P.3d 814.  This case is before the court, however, on diversity jurisdiction.  Thus, the court must apply Utah law.  The Utah Court of Appeals has noted that the relaxed Michigan standard has only been applied in products liability cases to protect consumers. *Decius*, 2004 UT App. 484, ¶ 13.  Moreover, the Utah Supreme Court has declined to adopt it.  *See Tabor*, 2007 UT 71, ¶ 11.  Consequently, Plaintiff must do more than simply show a defendant has a portion of personnel or operations in common with Split Rock, Inc.

That said, if Plaintiff is able to show either (1) one defendant is essentially the same entity as Split Rock, Inc., or (2) two or more defendants are in business together and collectively function as the same entity as Split Rock, Inc., then it may satisfy the third element for successor liability.  The court therefore modifies the third element of Instruction No. 4-F as follows:

> Third:  The defendant(s) effectively is the same entity as Split Rock, Inc. after the completion of the transfer.

During final jury instructions, the court will provide further detail to the jury about factors to evaluate when making this determination.

Defendants may file a written Objection to the court's modified instruction.  Any such Objection shall be filed by Tuesday, October 4, 2016 at 7:00 a.m.

## CONCLUSION

For the reasons stated above, the court DENIES the Plaintiff's Motion to Amend Preliminary Jury Instruction No. 4 (Dkt. No. 155), because Plaintiff's articulation is contrary to Utah law.  The court, however, does modify the third element as stated above, and allows Defendants to file a written Objection to the modification on or before **Tuesday, October 4, 2016 at 7:00 a.m.**

SO ORDERED this 3rd day of October, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge